FILED

2016 Nov-15  AM 08:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |  |
|---|---|---|
| ALEXANDRE FEDOSEYEV, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No.  5:15-cv-02321-HGD |
| | ) | |
| CFD RESEARCH CORPORATION, | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

Defendant, CFD Research Corporation (CFD) has moved, pursuant to Fed.R.Civ.P. 12(b)(6), to dismiss Count III of plaintiff, Alexandre Fedoseyev's, First Amended Complaint.  (Doc. 16, Motion to Dismiss).  CFD's basis for its motion is that Count III, which alleges a wanton disregard of a known duty, is preempted by § 301 of the Copyright Act.  (*Id.*).

A 12(b)(6) motion tests the legal sufficiency of a plaintiff's claim, and the court construes all allegations as set forth in plaintiff's complaint as true and resolves all inferences in favor of the plaintiff.  *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662,129 S.Ct.

1937, 1949, 173 L.Ed.2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in plaintiff's favor, "but [it is] not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681, 129 S.Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face.  *See Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1950 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).

Plaintiff alleges that CFD used software developed by plaintiff called CNSPACK, without properly compensating him for its usage, which he alleges CFD promised to do.  In Count I, he charges that CFD knowingly and willfully infringed on his copyright in CNSPACK.  In Count II, he alleges that CFD failed to pay him

for the use of CNSPACK as it promised, thus breaching its contractual obligation to plaintiff.

> Count III states, in pertinent part:

> In its dealings with Dr. Fedoseyev and in using his CNSPACK software as described above, CFD voluntarily and knowingly undertook the duty and obligation to compensate Dr. Fedoseyev with a payment of a reasonable royalty for its commercial use of CNSPACK, which duty CFD, acting with wanton disregard for Dr. Fedoseyev's rights, and purposefully, to cause him injury, ignored.

(Doc. 13, First Amended Complaint, at ¶ 20).  The essence of Count III is that CFD made use of or "copied" CNSPACK without plaintiff's permission and without compensation and did so with a wanton disregard for his right to license and be compensated for the use of this software.  It is this claim which defendant asserts is preempted by § 301 of the Copyright Act.

> According to the Eleventh Circuit:

> Section 301 in effect establishes a two-pronged test to be applied in preemption cases.  We must decide whether the rights at issue fall within the "subject matter of copyright" set forth in sections 102 and 103 and whether the rights at issue are "equivalent to" the exclusive rights of section 106.  *Harper & Row, Publishers v. Nation Enters*., 501 F.Supp. 848, 850 (S.D.N.Y. 1980).

*Crow v. Wainwright*, 720 F.2d 1224, 1225-26 (11th Cir. 1983).  The Eleventh Circuit further noted that "[t]he proper method of analysis is to examine whether the elements of a cause of action for the tort of copyright infringement are equivalent to the

elements of the crime of dealing in stolen property as it applies in this case." *Id.* at 1226.

There is no question that a software program such as the one here falls within the subject matter of copyright.  Therefore, the first prong of the preemption test is satisfied.

With regard to the second prong,

Section 301 of the Act preempts all state causes of action based on a right found in the Act or an equivalent to such a right.  The Act states that,

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, . . . are governed exclusively by this title. . . . [N]o person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).  A short list of specific exceptions is delineated in section "(b)", resulting in a generally broad scope of preemption.  One of those exceptions is for state common law or statutes "with respect to . . . (3) activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106."  17 U.S.C. § 301(b)(3).  The result of this subsection is that the Act "preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law." *Computer Assoc. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992) (quotations omitted).

*Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001).

According to the Eleventh Circuit, if an "extra element is required instead of or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Id.* (quoting *Altai*, 982 F.2d at 716 (internal quotations omitted)).

*Altai* further holds that:

A state law claim is not preempted if the "extra element" changes the "nature of the action so that it is qualitatively different from a copyright infringement claim." *Mayer v. Josiah Wedgwood & Sons, Ltd.*, 601 F.Supp. 1523, 1535 (S.D.N.Y. 1985); *see Harper & Row, Publishers, Inc.*, 723 F.2d at 201. To determine whether a claim meets this standard, we must determine "what plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." 1 Roger M. Milgrim, *Milgrim on Trade Secrets* § 2.06A[3], at 2-150 (1992) (hereinafter "Milgrim"). An action will not be saved from preemption by elements such as awareness or intent, which alter "the action's scope but not its nature. . . ." *Mayer*, 601 F.Supp. at 1535.

Following this "extra element" test, we have held that unfair competition and misappropriation claims grounded solely in the copying of a plaintiff's protected expression are preempted by section 301. *See, e.g., Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir.), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 721 (1986); *Warner Bros., Inc. v. American Broadcasting Cos.*, 720 F.2d 231, 247 (2d Cir. 1983); *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 919 & n.15 (2d Cir. 1980). We also have held to be preempted a tortious interference with contract claim grounded in the impairment of a plaintiff's right under the Copyright Act to publish derivative works. *See Harper & Row, Publishers, Inc.*, 723 F.2d at 201.

*Altai*, 982 F.2d at 716-17.

Plaintiff asserts that his right is not conditioned on CFD's acts of reproduction and distribution of copies of the work alone, but on the right to enforce the State's policy against wanton acts.  However, despite this claim, there is nothing in enforcing any State policy that adds an "extra element" to the copyright infringement claim.

Plaintiff further asserts that plaintiff's wantonness claim is based on his right to enforce an obligation CFD undertook to compensate him with payment for the commercial use of CNSPACK.  The Court agrees with defendant that this claim is nothing more than a claim that CFD failed to compensate plaintiff for the use of his software.  The addition of the claim that defendant acted with wanton disregard is the allegation of mental status, but alleges no actual actions by defendant in addition to those that make up the alleged acts of infringement.  The additional elements of mental status such as "knowledge," "intent" and "scienter" have been held not to add rights different in kind from those protected by copyright laws. *Crow v. Wainwright*, 720 F.2d at 1226-27.  The same is true with regard to negligence claims. *See, e.g., Bridgeport Music, Inc. v. 11C Music*, 154 F.Supp.2d 1330, 1335 (M.D.Tenn. 2001). There is no basis in Eleventh Circuit case law which supports differentiating plaintiff's wantonness claim from these other cases involving mental status.

Based on the foregoing, defendant's motion to dismiss Count III of the First Amended Complaint is due to be GRANTED.  Upon the occurrence of such event, plaintiff has asked, in advance, for the opportunity to file another amended complaint. Defendant opposes this request.  Nonetheless, plaintiff may amend its complaint if it does so within 28 days of the date of the order dismissing Count III.  Plaintiff is advised, however, that any amendment that attempts to add any claim that requires only mental status to differentiate it from the alleged Copyright Act violation is likely to meet the same fate.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE and ORDERED this 15th day of November, 2016.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE